The opinion of the Court was delivered by
O’Neall, J.
In this case the defendant’s ground that the former recovery as pleaded was a bar to the action cannot avail him. The replication seems to have been drawn according to the usual forms, and seems also to be pretty much as that *185 in the authority cited by the learned counsel for the defendant: Seddon vs. Tutop, 6 T. R. 607. It may be, that it does not say as was said in that case, “for the non-performance of which the said sum of money was so recovered by the said judgment.” But it says that the said promises and assumptions are not the same whereof the former recovery was had. This is legally true. For the sale of Isaac alleged in the former record could not have been considered from the proof then in issue. For the defendant was charged with the hire of Isaac m that very record, and a recovery for the same led to the issuing of the writ in this case.
The plaintiff had always denied the sale ; the defendant, it is true, affirmed to Nix that he had bought Isaac; the defendant., .however, had him on hire or to break until he disposed of him after the writ. This the plaintiff considered as a sale, and from the proof given in this case (to which, let it be remarked, there was no objection,) the sale was abundantly proved and is only claimed by the plaintiff at a period subsequent to the writ. This steers clear of all exception, and according to the former decision, 7 Rich. 150, gives the plaintiff a plain right to recover.
The other grounds require no comment.
The motion is dismissed.
Wardlaw, Withers, Whitner and G-lover, JJ., concurred.

Motion dismissed.